

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,721-01

### EX PARTE MELVIN VEGA MEJIVAR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-18-300708-A IN THE 403RD DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of possess of child pornography with intent to promote and sentenced to twenty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Menjivar v. State*, Nos. 03-19-00280-CR and 03-19-00281-CR (Tex. App. – Austin, Sept. 2, 2020). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that a plea agreement for a fifteen-year sentence in this cause, signed by the trial judge, the prosecutor, applicant, and applicant's defense counsel, was breached by the trial judge when she sentenced him to twenty years imprisonment. Applicant has alleged facts that, if true, might entitle him to relief. *Perkins v. Court of Appeals*, 738 S.W.2d 276, 283 (Tex. Crim. App.

1987). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order Applicant's defense counsel to file an affidavit in response to his claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea agreement was enforceable at the time of his guilty plea, why it was not followed when he pled guilty, and whether Applicant's guilty plea was voluntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: June 30, 2021
Do not publish